**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHEILA G. KEELAN,

        Plaintiff - Appellee,

    v.

DENVER MERCHANDISE MART, a
Colorado corporation,

        Defendant - Appellant.

No. 05-1400

D. Colorado

(D.C. No. 00-CV-2303 EWN-CBS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **HARTZ**, Circuit Judges.

Sheila Keelan filed suit against her former employer, the Denver

Merchandise Mart (the Mart), alleging claims of gender discrimination in her

termination from employment and in the terms and conditions of her employment.

A jury ruled against her on both claims and awarded no damages. On the

termination claim it found that gender was a motivating factor in her termination

but that she would have been terminated anyway. The district court awarded

Ms. Keelan a portion of her attorney fees based on the finding of a discriminatory

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motive. *See* 42 U.S.C. § 2000e-5(g)(2)(B) (attorney fees may be awarded in employment-discrimination case even when employer proves the action would have occurred absent the discriminatory motive). The Mart appeals the award of attorney fees, contending that (1) fees should have been denied because no damages were awarded, and (2) the district court should have considered the Mart's pretrial offer of judgment in calculating the fees. We have jurisdiction under 28 U.S.C. § 1291. Because the Mart's arguments are foreclosed by this court's decision in *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074 (10th Cir. 1998), we affirm the judgment of the district court.

Ms. Keelan's employment with the Mart was terminated on April 13, 1999. She filed a gender-discrimination suit under Title VII in the United States District Court for the District of Colorado. After the Mart's motion for summary judgment was denied, it made an offer of judgment under Fed. R. Civ. P. 68 in the amount of $50,000, which Ms. Keelan declined. The jury rendered a verdict in favor of the Mart.

Following this verdict, Ms. Keelan contended that she was entitled to attorney fees because the jury had found that gender was a motivating factor in her termination. She requested fees in the amount of $161,283.72. The district court agreed that some award of fees was appropriate, and granted her $64,513.49.

The Mart makes several arguments why the district court erred in awarding attorney fees. Each is directly contradicted by *Gudenkauf*. First, the Mart contends that Ms. Keelan's total lack of success required a denial of fees, citing in support both *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (internal citation omitted)), and *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001). In *Gudenkauf*, however, we found the same contention "inconsistent with the proper reading of *Farrar* and inconsistent with the Civil Rights Act of 1991." 158 F.3d at 1077. We held in *Gudenkauf* that not only did *Farrar* not foreclose an award of fees in financially unsuccessful mixed-motive cases, *id.* at 1080, but that a plaintiff who establishes a discriminatory motive, despite recovering no damages, "should ordinarily be awarded attorney's fees in all but special circumstances," *id.* at 1081 (internal quotation marks omitted). As for *Barber*, it was not a mixed-motive case and, rather than limiting *Gudenkauf*, it reaffirmed it. *See* 254 F.3d at 1229-30. Additionally, to the extent that the Mart relies on the approach of other circuits to attorney fees in mixed-motive cases, particularly the Fourth Circuit's opinion in *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332 (4th Cir. 1996), we are bound by *Gudenkauf*. *See Gudenkauf*, 158 F.3d at 1080 ("we disagree with . . . [the *Shepard* decision of] the Fourth Circuit Court of Appeals . . . .").

-3-

Finally, the Mart contends that the district court erred in not reducing the fee award based upon the offer of judgment. This argument was also specifically rejected by *Gudenkauf*, 158 F.3d at 1084 ("Congress . . . did not intend a district court to reduce a mixed motives plaintiff's fee award on the basis of a rejected pretrial settlement.").

The Mart conceded at oral argument that most of its contentions would be more appropriate for en banc review. That is indeed the case. *Gudenkauf* controls on each of the arguments the Mart has raised. *See United States v. Chanthadara*, 230 F.3d 1237, 1260 (10th Cir. 2000) ("Absent an intervening change in the law . . . or en banc review, we cannot review the judgment of another panel of this court.").

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge